JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:24-cv-00944-SSS-DTBx | Date | September 12, 2024 |
|---|---|---|---|
| Title | *Kristy White v. Costco Wholesale Corporation, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 27] AND DENYING DEFENDANT'S MOTION TO DISQUALIFY COUNSEL [DKT. 28]**

Before the Court is Plaintiff Kristy White's Motion to Remand the case to Riverside County Superior Court (the "Motion") filed on August 5, 2024. [Dkt. 27]. This matter is fully briefed and ripe for review. [Dkt. 30 (Opp'n), Dkt. 32 (Reply)]. In accordance with the opinion below, the Motion is **GRANTED** and the case is **REMANDED** to Riverside County Superior Court. [Dkt. 27].

I.   FACTUAL BACKGROUND

This matter arises out of injuries White suffered from tripping and falling while shopping at one of Defendant Costco Wholesale Corporation's ("Costco") properties. [Dkt. 1-2 at 3]. On January 20, 2023, White stepped and tripped on a hose in the gas station causing her to fall and suffer injury and pain. *Id*. White alleges that her trip and fall was a result of Costco and its employees' negligence in maintaining the property such that it was unsafe and dangerous to the general

public. [*Id*. at 4–5]. White asserts theories of negligence and premises liability as to the actions of Costco, Monique Doe, and Does 1-25. *Id.*

White filed her Complaint in Riverside County Superior Court on May 3, 2023. *Id.* Costco removed this action on May 3, 2024. [Dkt. 1].

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove a case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex. rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018). A fraudulently joined defendant is also known as a "sham defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.* (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III. DISCUSSION

White argues the Court should grant her Motion because Costco failed to establish that removal was proper given that Monique Doe is properly named and alleged as a citizen of California and the amount in controversy was not properly proven to be more than $75,000. [Dkt. 27 at 17–28]. In response, Costco contends that diversity existed at the time of removal because Monique is a sham Defendant against which White has no valid claims, and the amount in controversy is met based on White's Case Management Conference Statement. [Dkt. 30 at 5–9].

The Court begins by noting that the party seeking removal bears the burden to show removal is proper. *Prize Frize Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (stating that the burden of establishing federal jurisdiction is on the party seeking removal). Here, Costco sought removal, so the burden lies with them to show it is proper.

Costco's notice of removal is insufficient to show that complete diversity exists between the parties. White's Complaint alleges specific claims against Monique Doe as manager of Costco. [Dkt. 1-2]. Costco has the burden to show White cannot establish a claim against Monique Doe, but Costco's Opposition focuses on the merits of the negligence/premises liability claim rather than Monique Doe's specific liability. [Dkt. 30]. Further, Costco does not offer any evidence that Monique Doe is a fictitious Defendant or is not an employee of Costco. *Id.* The Court finds this insufficient to show that Monique Doe has been fraudulently joined and is a sham defendant. As such, Costco has not met its burden to show that Monique Doe was fraudulently joined and that White has no possibility of recovery against her. *Taylor v. Honeywell Corp.*, 2010 WL 1881459, *2 (N.D.Cal. May 10, 2010) ("[T]he core inquiry in a fraudulent joinder analysis . . . [is] whether there is any possibility of recovery."). Therefore, Costco cannot show complete diversity and has failed to meet its burden to show that removal was proper.

## IV. CONCLUSION

In accordance with the above, Costco fails to meet their burden to show complete diversity between the parties at the time of removal. If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the court finds that

removal was improper and White's motion to remand to Riverside County Superior Court is **GRANTED**.[1]

**IT IS SO ORDERED.**

---

[1] As a result of the Court granting Plaintiff's Motion to Remand to Riverside County Superior Court, Defendant's Motion to Disqualify Counsel is moot. [Dkt. 28].